IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JODY LEVIS JOHNSON, ) | |
| ID # 696491, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:15-CV-587-G-BH |
| ) | |
| WILLIAM STEPHENS, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal Justice, ) | |
| Correctional Institutions Division, et al., ) | |
|     Respondents. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **SUMMARILY DISMISSED** with prejudice.

**I. BACKGROUND**

Jody Levis Johnson (Petitioner), an inmate in the Allred Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), in Iowa Park, Texas, challenges a disciplinary conviction. He initially named the following persons as respondents: Judy Hill, CO4; Robert K. Stevens, Warden; and Brad Livingston, Executive Director. (doc.1 at 1.)

In October 1994, Petitioner was convicted of murder in the 203rd District Court of Dallas County, Texas, and received a life sentence. (doc. 1, at 2.) While serving his sentence for his conviction at the TDCJ Montford Unit, he was charged with the disciplinary offense of threatening to inflict harm on an officer. (doc. 1, at 5). On August 20, 2014, the disciplinary hearing officer found Petitioner guilty and assessed his punishment at loss of thirty days of good time, loss of thirty days of recreation and commissary privileges, and fourteen days of solitary confinement. (doc. 1, at 5). Petitioner alleges he filed Step One and Step Two grievances challenging this disciplinary

conviction, and both were denied. (doc. 1, at 5-6). He mailed this petition for federal habeas relief under 28 U.S.C. § 2254 to the Lubbock Division on February 10, 2015, and it was later transferred to the Dallas Division. (doc. 1, at 10; doc. 4).

Petitioner contends that he was denied his procedural due process rights because the officers issued fabricated offense reports, there was insufficient evidence to support him being found guilty of the offense, the charging officer gave conflicting statements in her report, and the grievance system did not give him a right to substantiate his claims at the hearing. (doc.1, at 6-7.)

## II. PROPER RESPONDENT

Petitioner initially named three individuals as respondents, including Senior Allred Unit Warden Robert K. Stevens. He later began including William Stephens, Director of TDCJ-CID, as a respondent on the style of the case.

"The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner]'." *Rumsfield v. Padilla*, 542 U.S. 426, 434 (2004), quoting 28 U.S.C. § 2242; *see also* Rule 2(a) of the Rules Governing Section 2254 Cases ("the petition must name as respondent the state officer who has custody" of petitioner). Generally, the only proper respondent is "'the person' with the ability to produce the prisoner's body before the habeas court'". 542 U.S. at 434-35. "In habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held." *Id.* at 435. Because Petitioner challenges sentence credits for a conviction that has resulted in his incarceration in the TDCJ-CID under § 2254, either the warden of the institution where he is incarcerated ( Stevens) or the chief officer in charge of state penal institutions (Stephens) is a proper respondent. *See id.;* Advisory Committee Notes to Rule

2

2(a) ("The proper person to be served in the usual case is either the warden of the institution in which the petitioner is incarcerated or the chief officer in charge of state penal institutions.").

Petitioner has named both proper respondents and improper respondents. William Stephens should therefore remain the only named respondent, and the Clerk of Court should be directed to remove and terminate the remaining respondents.

### III. SUMMARY DISMISSAL

Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Petitioner alleges that his due process rights were denied during the hearing and disciplinary proceeding that resulted in his disciplinary conviction. "Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Malchi v. Thaler*, 211 F.3d 953, 957 (5th Cir. 2000) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995)). Prisoners charged with rule violations are entitled to certain due process rights under the Fourteenth Amendment when a disciplinary action results in a sanction that will impinge upon a liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 484-87 (1995). In Texas, only sanctions that result in the loss of good-time credits for inmates who are eligible for release on mandatory supervision create a protected liberty interest in early release from prison. *See Teague v. Quarterman*, 482 F.3d 769, 776–77 (5th Cir. 2007); *Malchi*, 211 F.3d at 957-58 (holding that inmates that are eligible for release on mandatory supervision have a protected liberty interest in the loss of good-time credits).

Petitioner claims he is eligible for mandatory supervision. (doc. 1, at 5.) In a prior challenge to a separate disciplinary proceeding, he admitted he was not eligible for mandatory supervised release. *See Johnson v. Director,* No.7:12-CV-017-O (N.D. Tex. March 9, 2012). It appears that he is not eligible for mandatory supervision as a result of his conviction for murder. S*ee* Tex. Gov't Code § 508.149(a)(2) (West 2014) (noting that an inmate may not be released to mandatory supervision if serving a sentence for offenses under Tex. Pen. Code § 19.02 (murder); *see generally Antone v. Preschel*, 347 F. App'x 45, 46 (5th Cir. 2009) (noting that prisoner appellant's murder conviction disqualified him from release on mandatory supervision). If Petitioner is not eligible for mandatory supervision, the loss of good-time credits does not implicate a protected liberty interest. To the extent that Petitioner is challenging his loss of commissary and recreation privileges, commissary and recreation restrictions do not implicate due process concerns because they are not an "atypical and significant hardship ... in relation to the ordinary incidents of prison life." *Malchi*, 211 F.3d at 959; *see also Hinojosa v. Thaler*, 427 Fed. App'x 354, 355 (5th Cir. 2011).

Even if Petitioner is eligible for mandatory supervised release, he acknowledges that his murder offense resulted in a life sentence. (doc. 1, at 2.) As a result, he will never be eligible for mandatory supervision. His good-time credits plus time served can never equal his life sentence such that he would be eligible for mandatory release prior to his death. *See Arnold v. Cockrell,* 306 F.3d 277, 279 (5th Cir. 2002) (noting that a "life-sentenced inmate is not eligible for release to mandatory supervision") (quoting *Ex parte Franks,* 71 S.W. 3d 327 (Tex. Crim. App. 2001)). For this additional reason, Petitioner has no liberty interest at stake in this case. Without a constitutionally protected liberty interest, his § 2254 petition must be summarily dismissed.[1]

---

[1] Petitioner's other two § 2254 petitions challenging disciplinary proceedings were summarily denied on April 13, 2015. *See Johnson v. Stephens,* No.7:15-CV-018-O; *Johnson v. Stephens,* No. 7:15-CV-015-O.

4

## IV.  RECOMMENDATION

The Clerk of Court should be directed to remove and terminate all respondents except Williams Stephens, and the petition for habeas corpus relief under 28 U.S.C. § 2254 should be **SUMMARILY DISMISSED** with prejudice.

**SIGNED on this 27th day of April, 2015.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE